May it please the Court, Counsel. My name is Amanda Horner from the State Appellate Defender's Office, and today I represent Mr. Brock. Your Honors, today we're asking that this Court vacate Mr. Brock's conviction because the trial court found him not guilty of the single count the State charged him with, but instead Sua Sponte convicted him of a completely different charge. Because Mr. Brock was not put on notice of that second charge, he was not able to defend against it properly, and therefore it must be vacated. Now in this case it's really straightforward. A defendant cannot be convicted of a charge that he doesn't know about. He has to be given the chance to defend himself. And in this case, he was charged with a strict liability offense, what we used to refer to as statutory rape, meaning there were exactly three elements the State had to prove. Mr. Brock's age, the victim's age, and whether penetration occurred. That's it. And because Mr. Brock did not dispute his age, and he also did not dispute the complainant's age, the only question before the finder of fact, the trial court in this case, was whether penetration occurred. And the trial court found Mr. Brock not guilty. After weighing the evidence and listening to testimony, found that Mr. Brock did not commit this offense. Instead, the trial court found Mr. Brock guilty of criminal sexual abuse based on force, meaning that touching occurred and that Mr. Brock forced himself on the complainant. Which means the problem is straightforward. At no time was Mr. Brock ever told that force was an element of this offense. In fact, the State explicitly disavowed that they were charging Mr. Brock with any offense that required the showing of force. During opening arguments, the State specifically said, and this is a quote from the record, we have not alleged force, Your Honor. We've only charged a Class II felony of more than five years age difference. In other words, Mr. Brock showed up at court that day prepared to defend against whether penetration occurred, not whether touching other than penetration and force occurred. Now, there's a lot of reasons the State might have chosen to only charge Mr. Brock with a strict liability offense. Of course, we don't know what those are, but of course, it's the easiest offense for the State to charge. But had the State also wanted to charge Mr. Brock with an offense that required force, it could have done so at any time prior to the trial. But not only did it choose not to do this, Your Honors, it explicitly disavowed it at opening statement. And it's hard to imagine a world in which we can expect Mr. Brock to defend against something like force when the State itself said that he did not have to do so. This also isn't a case where we have to go deeply into hypotheticals and technicalities to figure out what the prejudice to Mr. Brock was. Prison penetration is, after all, a very narrow issue, and his defense focused solely on that, including the questioning of an expert testimony about the physical state of the complainant. However, if Mr. Brock had wanted to defend against a charge of force, his entire defense might have been focused elsewhere. There were certainly text messages between the complainant and Mr. Brock that might have indicated that this wasn't a forceful relationship, that this was a relationship that was consensual. We know post-trial, Mr. Brock brought up other issues, that he felt the complainant was claiming that this was a relationship out of force because she was afraid of her father. This is all evidence that Mr. Brock might have presented to the trial court. But of course, he didn't get that chance. And in fact, had he chosen to present that evidence to the trial court, quite frankly, the trial court should have found that it was irrelevant and not allowed that evidence to be presented. This argument is good now, but the lawyer representing the defendant did not object when the court entered its order. What do you have to say about that? First off, it's reviewable under plain air. The attorney made a mistake, that's plain and simple. He made a mistake then, and he didn't put it in his post-trial motion. You're right, Your Honors. But the Illinois Supreme Court has said that this is structural error, that because of the nature of this, because the right to put on a defense, the basic right of due process involved is so integral to our system of law that it can be raised, it can be challenged, even when it's not preserved. In People v. Clark, for example, the Illinois Supreme Court recently ruled on a similar issue, and in that case, the issue was also not preserved, I believe, and it was also addressed via plain air. People v. Clark is instructive in this case as well. In Clark, the defendant was charged with armed robbery with a firearm. And the trial court heard the witnesses, weighed the evidence, and said, well, I don't think it was a firearm. I think it was another type of weapon. So I'm going to find you guilty of armed robbery, but with a weapon other than a firearm. And the Illinois Supreme Court said, we just can't do that, because how can a defendant possibly be on notice to defend against the idea that this wasn't a firearm when the charge itself told him that he was defending against a firearm? The trial court's instinct here is understandable. You hear evidence. You don't think that the defendant did what he was charged with, but you think he did something. And so you want to construct a charge that you think is appropriate. But the problem with that, again, is that the defendant wasn't allowed to defend against it. The state brought a charge, and when the defendant brought a defense, the trial court evidently found it persuasive and found him not guilty. Similarly, had Mr. Brock had a chance to defend against force, he might have been able to do so, and the trial court might have found that just as persuasive as he did Mr. Brock's original defense. But that's the problem. Do you think that the court was correct when he said that this is a lesser-included offense? Absolutely not, Your Honor. Why not? The Illinois Supreme Court makes it very clear that we use the charging instrument approach. And the way that we do that is we look at the original charge, and we look at the lesser-included charge, and the defendant has to be able to be put on notice either explicitly or by inference of all of the elements of the offense. A good example of that is if a defendant is charged with armed robbery, he can certainly be found guilty of simple robbery, because all of the elements of armed robbery include armed robbery. He knew when he went to court that he not only had to defend against the idea he had a firearm, but he also had to defend against the idea of robbery. But here, when you compare the two statutes, they're very dissimilar. The only crossover is that this involves sexual conduct or sexual penetration. In the statutory charges... Do you think that sexual penetration... I'm sorry. ...in order to perform sexual penetration on a child of this age would be required force? Well, no. In this case, the child is between the ages of 13 and 17. And I absolutely agree that if he engaged in sexual penetration, he could have been charged either under the provision, which the state chose to charge him with, saying that we don't have to prove force, just the fact that this act occurred alone is a crime. Alternatively, he could have been charged with, if this were actually penetration by force, that would have been criminal sexual assault, Your Honor, which would be a much higher felony. That would have been a Class I felony. What this court found him guilty of was just touching, sexual contact. But that sexual contact also included force. So those are different. Well, there was some testimony by the victim that she was pushed down, that she said no when he continued. So perhaps the court, and we really don't know, I don't think, you're focusing on force as it relates to the penetration. Perhaps the court was looking at force as it related to the overall act. Could that be? That may well be, Your Honor. But under the statute... Well, if it is, if it is force as to the act, because the court knew what the testimony is as far as the pushing and the saying no, isn't that enough to justify the finding under the indictment? Absolutely not, Your Honor, for this reason. The act, I think that's the problem here. What act are we discussing? Here, the act was penetration. Well, that's what you're saying. That was the state's theory of the case, Your Honor. Well, that was the state's theory of the case, but the court found there was force involved. We just don't know from the court's ruling whether it was force as to the insertion, right, or force as to what she testified to, which was the pushing and the saying no. So even under, let's suppose for just a minute, Your Honor, that the trial court said, okay, I don't think penetration occurred, but I think that he forced her on the bed and touched her. The trial court still could not have convicted him of that, because he never had a chance to defend against it. The state did not allege that they were talking about force, merely penetration. So, for example, had the state charged him with what you're suggesting right now, that this was sexual contact by force, then perhaps Mr. Brock would have put on a defense that explained how this touching was consensual. Well, didn't he say that he never had sex with her? He never did. He testified that there was no penetration between them. But again, Mr. Brock stole the case. What does that mean, that they did hug and kiss or what? I'm not sure, Your Honor. I don't think that he acknowledged anything except the texting, right? Well, that's true, Your Honor. There were some text messages, and actually he disavowed those text messages as well. But again, his defense was not focused on whether force was involved, because he was never charged with any offense or put on notice about force. You'll have some minutes after this. We appreciate your comments. Ms. Gaston? Good morning. May it please the Court, Counsel, Chelsea Gaston on behalf of the state. Your Honors, obviously the state holds that this was a lesser-included offense to the original charge of aggravated criminal sexual abuse in this case. A defendant can be convicted of an uncharged offense if it's a lesser-included offense of a crime expressly charged in the charging instrument, which is obviously the case. Well, why is it lesser-included? There's no words of force. There's no indication of force. Your Honor, it doesn't have to be expressly stated so long as it can be reasonably inferred. Well, how do you get around the fact that in this opening statement, the state said there was no issue of force? Well, as Your Honor noted, apparently the trial court didn't agree and did find that there was an issue of force, and the very nature of the wording of the original charge can make a reasonable inference to the lesser-included offense. Specifically what language? The very term, so the aggravated criminal sexual abuse statute says a person commits aggravated criminal sexual abuse if that person commits an act of sexual penetration or sexual conduct with a victim. And then you look at the language of criminal sexual abuse, and it's beginning part of the same, commits an act of sexual conduct. So you have sexual conduct, and we also have the word abuse. So what kind of inference can be drawn when someone is abusing an individual sexually? Well, I don't think it's a stretch in the least to make a reasonable inference of force or threat of force in this case, particularly obviously we have to do a case-by-case evaluation for this kind of charge or case. But in looking at the facts of this case, Your Honor, the defendant knew what he was doing. He knew what he was doing was illegal. Okay, but the issue is, does the original charge and the lesser-included charge require proof of the same facts in a less culpable mental state? So you have to have proof of the same facts in the original and the lesser-included, right? Yes, Your Honor. So in the original indictment, you simply charge committed an act of sexual penetration with a female, a minor, a date of birth of. Yes, Your Honor. So sexual penetration, even with consent, had there been no force, could have been a violation of this law because of the age difference, right? Yes, Your Honor. So how do we get force into this? I don't follow your argument. Your Honor, it was, as you were asking, if we look to it as to the act instead of just whether or not there was penetration. The facts of the case, defendant didn't really have very much of a defense, particularly with the text message conversations. But do we have, in considering lesser-included, do we look to the facts of every case? Is it fact-by-fact case analysis, or is it a matter of law? Your Honor, it's a case-by-case evaluation, inferences that can be drawn even if it's not explicitly contained in the indictment. That's the language that is applied by law. So it's not a situation where we can say, oh, look at this case. They found that this was a lesser-included offense or they did not. It just comes down truly to the individual case. So, yes, in this case it would be a fact-by-fact basis from that standpoint. And as Your Honor noted, it was to the act itself, regardless of whether or not there was penetration, that rose to the trial court finding that this was a situation of criminal sexual abuse. He was threatening her. The minor gave testimony as to the events that occurred leading up to the rape, as well as the continued threats to her to keep her quiet, leading up to her saying that she had made up a fake pregnancy to try to get him to leave her alone. And his response was, you're going to have to get an abortion because I'm going to get 15 years for rape. So looking specifically at the facts of this case, Your Honor, abuse or threat of force was supported by the minor's testimony. It supported Officer Harris' testimony about the minor's mental state. It's supported by the messages that were sent back and forth. We know the defendant was the one sending the text messages. But are those the facts that came out of trial, not information that was in the charging instrument? Yes, Your Honor, they are. But those are all the facts that go to support the trial court's finding of the lesser-included offense. The defendant cites the Kennebrew case that Illinois uses the charging instrument approach. Do you disagree with that? No, we do use the charging instrument approach, Your Honor. There's no debate about which approach to use. I think it's perfectly clear. You have to look at the allegations of the charging instrument and see whether the description contains a broad foundation or a main outline of the lesser offense. And I believe that's also important. Was that what you said, Your Honor? Oh, sorry. But it doesn't have to be what would be called a necessary element. It just has to contain the broad foundation or a main outline. Any missing element can reasonably be inferred from the indictment allegations. So obviously the state's holding that this was indeed a lesser-included offense. Defense counsel is saying it wasn't, and the court has to make this case-by-case evaluation of whether or not it was indeed the lesser-included offense. We maintain that it was clear for us or for the force as to the act itself could be found and that the trial court did properly find that he was guilty of criminal sexual abuse. Does the court have any further questions? I'm just wondering where the charging instrument defendant would have had notice that criminal sexual abuse, which says an act of sexual conduct by the use of force or threat of force, I'm just wondering where in the state's indictment we can interpret that that would have been included. Are you saying that the act of penetration must, under these circumstances, require the use of force? No, Your Honor. Help me with that if you can. The sexual conduct itself, despite the very act. Sexual conduct is penetration. I can understand that. If you have penetration, that's clearly sexual conduct. Yes, Your Honor. No issues there, right? Yes, Your Honor. But the indictment, which says that it's a very simple indictment, it just says he knowingly committed an act of penetration with a female, and it gives her date of birth and initials, and that he placed his penis in the vagina of the minor with initials, and defendant was at least five years older. I mean, the information could have said that he forcibly placed his penis in the vagina, and then I don't think we'd have an issue here. No, Your Honor. I don't think we'd be having this conversation right now about what it is. Because the word forcibly would have put them on notice, regardless of whether it was the act of inserting the penis or the act of pushing her on the bed and her saying no, right? Right. But I'm wondering how we gather that out of the simplistic version of this indictment. Your Honor, it just comes down to whether or not it provides the main outline that would be needed to put the defendant on notice. Obviously, any time you're talking about sexual abuse of any kind, the state would argue raises an inference of misconduct. But not misconduct alone. You have to say that it raises an inference of force. Yes, Your Honor. And so what you're arguing, if I understand it correctly, is that any time you allege aggravated criminal sexual abuse, you are by implication including force as an element. Yes, Your Honor. Perhaps it should. I mean, that's what lesser included would be. Yes, Your Honor. And particularly when you're dealing with someone who could physically overtake a young girl who could mentally overpower her, who can emotionally overpower her, I don't think it is a stretch to say that the main outline was provided that through force or use of force he raped a 15-year-old when he was 10 years old. Well, all you have to say is that he committed sexual conduct. Yes, Your Honor. Very hard. So you raised an interesting issue now. So you're now saying, or you also are saying that because the indictment alleges this age disparity, that the age disparity includes within it that there must have been force. It should, Your Honor. There's a reason why the age difference is considered an aggravated criminal sexual abuse. Because there is a complete total difference even in just the maturity level emotionally between the two parties, and he knew better. Go ahead and finish your thought. We would just ask that this Court affirm the ruling of the lower court, and thank you for your time. Okay. What do you think about the age disparity argument, that because the legislature has included that that it must have included force? I think it's an interesting concept, but one that the statute doesn't hold up to. We know that, and first off, this hasn't really been briefed, but to the extent that I can comment on it now, we understand that the legislature knows how to write statutes, that they include specific terms on purpose. We know that they know how to use the word force, because when we look at the criminal sexual abuse statute, there's clearly the word use of force. We also know that when they want to use force in penetration as opposed to simply sexual conduct, they certainly can do that as well, and they do under the section for criminal sexual assault, which is punished much higher. The idea that simply because this is labeled abuse is really relied by all the different subsections. For example, under the same subsection of criminal sexual abuse is what we sort of know as the Romeo and Juliet law, meaning that you have two people, one is both or older than 13, or one is between 13 and 17, meaning one is less than five years older, they're in a consensual dating relationship, but penetration occurs. That can be charged under a different subsection within the statute. No one would argue necessarily that that was abuse. If we want it to be forceful, then we charge it under this subsection. The legislature has clearly set out different subsections, some of those based on abuse, which they punish more harshly than those that they don't explicitly require abuse. Again, this could have been charged if the state had wanted to say there was penetration by force. As a criminal sexual assault, it's a class one felony, four to 15 years in DOC. They chose not to do that. They made this the lesser offense, and we have to assume that when the legislature sets out punishments and writes statutes that they know what they're doing. The other issue I have with the state's argument is the state keeps talking about this case-by-case basis. I don't technically disagree, but the state is using facts that are drawn out at trial to form that case-by-case basis. The Illinois Supreme Court makes clear that when you do the case-by-case basis, it's at the point of the charging instrument. When we look at the charging instrument, what facts do we see here? As Justice Cates mentioned, had they put in the word force in this particular indictment, even though they charged him under this other subsection, we would not take issue with what the trial court did. But they chose the state, who has the discretion, chose not to do so. So neither the state nor Mr. Brock knew that force was on the table, and they were only prepared to prosecute and defend a single offense. Because Mr. Brock was never put on notice that he was now also defending against force, due process was violated here. He was convicted of a crime he was never charged with and never had the chance to defend. And for that reason, Your Honors, Mr. Brock would ask that this Court vacate his conviction. Thank you. Thank you. Okay. This matter, which is 516-0062, People v. Michael Brock, will be taken under advisement. Thank you, ladies, for your argument. An order.